UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

Anna M. Perretta                                             Chapter 13
Michele Peretta, Sr.                                         Case No. 10-13531
    Debtors                                             Honorable Arthur N. Votolato
_____/

## MOTION OF AMERICAN RESIDENTIAL EQUITIES LIX, LLC
## FOR RELIEF FROM THE AUTOMATIC STAY
## PURSUANT TO 11 U.S.C. § 362(d)(4)

American Residential Equities LIX, LLC, a secured lien holder in the above captioned Chapter 13 proceeding, moves this Court for an IN REM order, pursuant to 11 U.S.C. §362(d) and Rule 4001 of the Rules of Bankruptcy Procedure, for relief from the automatic stay of 11 U.S.C. §362(a) so that it may foreclose a mortgage which it holds on real property known and numbered as 380 Pippin Orchard Road, Cranston, Rhode Island. In support of its motion, American Residential Equities LIX, LLC states the following:

1. On October 25, 2006, Michele Perretta, Sr. and Anna M. Perretta, executed a note to Zurich Mortgage Solutions, LLC in the original principal amount of $971,750.00 (the "Note"). The Note was subsequently endorsed and transferred to Movant.

2. The Note is secured by a mortgage to Zurich Mortgage Solutions, LLC, dated October 25, 2006 and recorded with the Cranston Town Hall records of Land Evidence at Book 3520, on Page 165 (the "Mortgage"). The Mortgage was subsequently assigned to American Residential Equities LIX, LLC, by assignment of mortgage recorded with Cranston Town Hall records of Land Evidence at Book 3745, Page 77. The Mortgage was subsequently assigned to GMAC Mortgage, LLC by assignment of mortgage recorded with Cranston Town Hall records of Land Evidence at Book 3745, Page 78 and subsequently

assigned to American Residential Equities LIX, LLC by assignment of mortgage dated May 4, 2010. The Mortgage is a first mortgage on real property owned by the Debtors known and numbered as 380 Pippin Orchard Road, Cranston, Rhode Island (the "Property").

3.  American Residential Equities LIX, LLC is the current holder of the Mortgage.

4.  American Residential Equities LIX, LLC is the current holder of the Note.

5.  On August 25, 2010, the Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

6.  The Note and the Mortgage are in default for the February 1, 2008 payment and all subsequent payments, plus reasonable attorney's fees and costs and other charges incurred.

7.  There is no other collateral securing the obligation.

8.  According to Schedule D, the fair market value of the Property is $1,018,000.00. American Residential Equities LIX, LLC estimates that the liquidation value of the Property is no greater than $956,920.00, which is the market value minus 6% for the cost of sale.

9.  According to Schedule D and the records of the Cranston Town Hall, the following additional liens encumber the Property:

> RLI Insurance Company, $130,000.00;
> City of Cranston Tax Lien, $18,000.00;
> IRS Department of Treasury, Tax Lien - $12,228.79;
> IRS Department of Treasury, Tax Lien - $22,548.15;
> Bank of America - $16,301.92;
> North American Capital Corporation - $3,418.83;
> Anthony J. Brosco - $14,800.00;
> Solid Gold Properties - $5,160;
> Kent County Memorial Hospital - $1,194.38;
> Domenic Cassisi - $34,566.89;

10.    According to Schedule C, the Debtors are claiming an exemption in the Property in the amount of $1.00 pursuant to 11 USC § 522(d)(1).

11.    To the knowledge and belief of American Residential Equities LIX, LLC, there is no declaration of homestead recorded against the Property.

12.    As of November 5, 2010, the total outstanding principal balance owed on the Note is $971,750.00.

13.    The estimated amount of encumbrances on the Property is approximately $1,229,968.96.

14.    The Debtor's arrearage at the time of filing totaled $333,432.19.

15.    There are sufficient facts to establish that relief from stay IN REM is a proper and just remedy in this instance as set forth below. The Debtors have filed five bankruptcies (including the within case) since 2004. Three of the five bankruptcies have been dismissed without a discharge entering. The Debtor's have filed bankruptcies just prior to a scheduled foreclosure sale. The last payment received from the Debtors was on June 15, 2009. The Debtors have not made a post-petition mortgage payment to the lender. The Debtor's pre-petition arrears are $333,432.19. They are due for the February 1, 2008 pre-petition payment.

   The loan went into foreclosure in August 2009, as a result of chronic non-payment. A foreclosure sale was scheduled on October 13, 2009. The foreclosure sale was canceled as the parties agreed upon a repayment plan. The Debtors became delinquent once again and the loan went back into foreclosure. A foreclosure sale was scheduled on April 13, 2010. On April 12, 2010, Ana Perretta filed a Pro Se Chapter 13 petition (Case No. 10-11556). The April 13, 2010 foreclosure sale was stayed. The case

was dismissed upon Motion of the Debtor on June 25, 2010. The loan was sent back to foreclosure and a further sale was scheduled on September 7, 2010. On August 25, 2010, prior to the scheduled sale, the Debtors field the within Chapter 13 petition and once again the sale was stayed.

The timing of the bankruptcy petitions are suspect as each time a petition was filed the foreclosure sale was canceled after publications had run and expenses had been incurred causing fees and costs to accrue. The Debtors have enjoyed use and occupancy of the Property for approximately two years without making a mortgage payment. Moreover, they are approximately three years behind on their mortgage payments. Despite filing two Chapter 13 petitions within two years, the Debtors have failed to make a payment to the Chapter 13 Trustee. This conduct proves a pattern of hindrance and fraud against the lender that satisfies the requirements of 362(d)(4).

American Residential Equities LIX, LLC seeks relief from stay IN REM as a secured creditor to enforce its rights under its loan documents. The IN REM nature of this order creates an equitable servitude on the Property and affords the movant the right to continue to exercise its rights without the necessity of filing for relief from the automatic stay in any subsequent bankruptcy filings to affect the premises.

16. American Residential Equities LIX, LLC is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because the Debtors have not made payments pursuant to the Note and Mortgage.

17. American Residential Equities LIX, LLC is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because the Debtors have no equity in the Property and the Property is not necessary for an effective reorganization.

WHEREFORE, American Residential Equities LIX, LLC moves that the Court enter an order granting American Residential Equities LIX, LLC IN REM relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may exercise its rights pursuant to the Note and Mortgage in accordance with applicable state and federal law, and may commence a summary process action against occupants of the Property.  American Residential Equities LIX, LLC American Residential Equities LIX, LLC moves that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

American Residential Equities LIX, LLC
By its attorneys,

Date:   February 9, 2011

/s/Teresa C. Scibelli
Teresa C. Scibelli, Esq. RI # 8296
Orlans Moran PLLC
P.O. Box 962169
Boston, MA 02196
Phone: (617) 502-4100
Fax: (617) 502-4101
Email: bankruptcy@orlansmoran.com
File Number: 611.0016
In Re Anna M. Perretta Michele Peretta, Sr.Chapter 13
Case No. 10-13531

**Within fourteen (14) days after service as evidenced by the certification and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI 02903, (401) 528-4477. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**