UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE: MICHELE PERETTA    BK NO. 10-13531
   ANNA M. PERRETTA

## JOINT PRE-TRIAL ORDER

1. FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF:

    1. On October 25, 2006 Michele Perretta and Anna Perretta executed a promissory note ("the Note") to Zurich Mortgage Solutions, LLC ("Zurich"). *Exhibit 1*

    2. On October 25, 2006 Michele Perretta and Anna Perretta executed a Mortgage, granting a security interest in 380 Pippin Orchard Road, Cranston, Rhode Island to Zurich ("the Mortgage"). *Exhibit 2*

    3. At all times relevant hereto, Jeffrey Kirsch was President and authorized signatory of American Residential Equities ("ARE")

    4. The Mortgage was assigned by Zurich Mortgage Solutions, LLC to American Residential Equities ("ARE") on November 28, 2006 and recorded in the Office of the City of Cranston Recorder of Deeds on September 14, 2007.

    5. The Mortgage was assigned by American Residential Equities ("ARE") to GMAC on November 14, 2006 and recorded in the Office of the City of Cranston, Recorder of Deeds on September 14, 2007.

    6. The Mortgage was assigned by GMAC to American Residential Equities LIX, LLC ("ARE LIX") by virtue of an assignment of mortgage recorded in the Office of the City of Cranston on November 10, 2010.

    7. An allonge from Zurich Mortgage Solutions, LLC to American Residential Equities, LLC was executed by Mark Kreisler.  Exhibit 1

    8. An allonge from  American Residential Equities, LLC to GMAC Mortgage, LLC was executed by Jeffrey Kirsch.  Exhibit 1

    9. An allonge from GMAC Mortgage, LLC ("GMAC") to American Residential Equities LIX, LLC ("ARE LIX"), a Delaware limited liability company, was executed by Tish Megnuson.   Exhibit 1

    10. An allonge from GMAC Mortgage, LLC to American Residential Equities, LIX was executed by John Kerr.  Exhibit 5

11. An allonge from Zurich Mortgage Solutions, LLC, was executed in blank, by Jeffrey L. Kirsch, attorney in fact for Zurich Mortgage Solutions, LLC.  Exhibit 6

12. There is no other collateral securing the Mortgage.

13. On July 2, 2004 the Debtors filed a Chapter 11 case, Case No. 04-12168, which was converted to a Chapter 7 bankruptcy.  The Debtors received a Chapter 7 discharge on May 18, 2005.

14. On July 21, 2005 the Debtors filed a Chapter 13 case, Case No. 05-12687.  The case was dismissed on a motion of the Chapter 13 Trustee for failure to make plan payments.

15. On April 12, 2010, Anna Perretta filed a Chapter 13 case, Case No. 10-11556.

16. The fair market value of 380 Pippin Orchard Road, Cranston Rhode Island is at $811,226.

2. ISSUES OF FACT REMAINING TO BE LITIGATED:

1. Whether the total debt as of the date of filing was $1,144,593.20 as stated in the Original Claim, or $1,388,033.78 as stated in the Amended Claim.
2. Whether the Note is due for the February 1, 2008 monthly payment.
3. Whether American Residential Equities was Attorney in Fact of Zurich Mortgage Solutions, LLC, by virtue of a Limited Power of Attorney on October 25, 2006.
4. Whether **ANY** allonge was ever affixed to the Note.
5. Whether American Residential Equities assigned its interests in the Note and Mortgage to American Residential Equities LIX, LLC.
6. Whether American Residential Equities ("ARE") is a separate entity from American Residential Equities LIX, LLC ("ARE LIX").
7. Whether American Residential Equities ("ARE") is a managing partner of American Residential Equities LIX, LLC ("ARE LIX").
8. Whether the Mortgage was assigned by GMAC to American Residential Equities LIX, LLC on May 5, 2010 ("ARE LIX") and recorded in the Office of the City of Cranston on November 10, 2010.

3. PROPOSED WITNESSES:

A. FOR THE DEBTOR:

    i. Michele Peretta, who will testify regarding the existence of the documents at the closing and which are the subject of the Motion.  He is the Debtor, and is identify in paragraph one above; and

    ii. The Debtor intends to call Pamela A. Perrot, senior manager, American Residential Equities, as an adversarial witness regarding the Note, Mortgage and allonges which are the subject of the Motion.

B. FOR THE MOVANT:

  i.  Pamela A. Perrot, Senior Asset Control, American Residential Equities, LIX, LLC.  She will testify regarding the transfer of the note.  She will testify regarding the history of the loan.

  ii.  The movant reserves the right to call Michelle Perretta.

  iii.  The movant reserves the right to call Anna Perretta.

4. EXHIBITS:

Agreed:

All documents referred to in the Joint Pretrial Order, including;

1. The October 25, 2006 promissory note;
2. allonge from Zurich residential Mortgage Solutions, LLC to American Residential Equities, LLC executed by Mark Kreisler;
3. allonge from American Residential Equities, LLC to GMAC Mortgage, LLC executed by Jeffrey Kirsch;
4. allonge from GMAC Mortgage, LLC to American Residential Equities, LIX, LLC executed by Tish Megnuson.
5. allonge from GMAC Mortgage, LLC to American Residential Equities, LIX, LLC executed by John Kerr;
6. Allonge from Zurich Mortgage Solutions, LLC, executed in blank, by Jeffrey L. Kirsch, attorney in fact for Zurich Mortgage Solutions, LLC;
7.  The October 25, 2006 Mortgage
8. Assignment from Zurich Mortgage Solutions LLC to American Residential Equities;
9. Assignment from American Residential Equities to GMAC Mortgage, LLC;
10. Assignment form GMAC Mortgage LLC to American Residential Equities, LIX, LLC
11. Executed custodial agreement.
12. Payment histories on the loan.
13. 12/16/10 Proof of Claim with Exhibits
14. 2/9/11 Amended Proof of Claim with Exhibits.

5. ISSUES OF LAW TO BE DETERMINED:

A. Whether the movant has standing to bring the within Motion.

B. Whether American Residential Equities ("ARE") ever assigned it interest in the Note and Mortgage  to American Residential Equities LIX, LLC ("ARE LIX")

C.  Whether the Mortgage assignment by Zurich Mortgage Solutions, LLC to American Residential Equities ("ARE") on November 28, 2006 served as an assignment to American Residential Equities LIX, LLC ("ARE LIX").

D.  Whether the Mortgage assignment by American Residential Equities ("ARE") to GMAC on November 14, 2006 was ineffective as it was executed 14 days before ARE was assigned its interest in the Mortgage by Zurich.

E.  Whether the Mortgage assignment by GMAC to American Residential Equities LIX, LLC ("ARE LIX") on May 4, 2010 was ineffective, including  because the notarization occurred on May 5, 2010.

F.  Whether the assignment of the Note by GMAC Mortgage, LLC ("GMAC") to American Residential Equities LIX, LLC ("ARE LIX") by allonge dated October 25, 2006, was ineffective because GMAC never received an assignment a valid assignment to assign.

G.  Whether the assignment of the Note by Zurich Mortgage Solutions, LLC to an assignee in blank by allonge dated October 25, 2006  was ineffective.

H.  Whether the assignment of the Note by Zurich Mortgage Solutions, LLC, signed by American Residential Equities ("ARE"), was effective to assign any interest to American Residential Equities ("ARE"), or any other party.

I.  Whether, if an allonge is not affixed to the Note, it is ineffective.

J.  Whether IN REM relief is appropriate.

K.  Whether any of the allonges or assignments was effective.

6.  POSITION OF OTHER LIEN HOLDERS:     The judgment lien holders have not been consulted.  It is expected that their liens will be avoided upon confirmation.

7.  ALL DISCOVERY HAS BEEN COMPLETED.

8.  THE PARTIES DO NOT BELIEVE THE MATTER SHOULD BE REFERRED TO A SETTLEMENT JUDGE.

9.  THE PARTIES ARE READY FOR TRIAL.


FOR THE DEBTOR:                    MOVANT:

/s/RUSSELL D. RASKIN               /s/TERESA C SCIBELLI