UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                                          Chapter 13
Anna M. Perretta                                Case No. 10-13531
Michele Perretta, Sr.                           Honorable Arthur N. Votolato

   Debtors

_____/

<u>MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM STAY</u>

I..  <u>Facts</u>

On October 25, 2006 Michele Perretta and Anna Perretta executed a promissory note ("the Note") to Zurich Mortgage Solutions, LLC ("Zurich"). (Exhibit "1").[1]  (Perrot Transcript, June 21, 2001, page 15, Line 2).[2]  Zurich executed an Allonge to American Residential Equities, LLC ("ARE"). ("Exhibit "2")(Perrot, 6/21/11, P. 15, L. 22).  ARE then executed an Allonge to GMAC Mortgage, LLC ('GMAC")(Exhibit "3")(Perrot, 6/21/11, P. L. 6).  Finally, GMAC executed an allonge to American Residential Equities LIX, LLC ("ARE LIX")(Exhibit "4")(Perrot, 6/21/11, P. 29, L. 6.  Ms. Perrot testified that the collateral file which was held by the custodian JP Morgan Trust Company, National Association ("JP Morgan") contained an original copy of the Note and each allonge referenced above. (Perrot, 6/21/11, P. 30, L. 21).[3]  She also testified that the other allonges referenced as Exhibits 5 and 6 were most likely created by the intermediate

---

[1] Any Exhibit referenced in this Memo will refer to the Exhibits listed in the parties Joint Pretrial Order filed as document number 110 with this Court.

[2] The reference is made to the Transcripts which were filed with the Court as entry numbers 132, 133 and 134.

[3] A copy of the Custodial Agreement was included with the Pretrial Order as Exhibit "11".  Although the Agreement did not list ARE LIX, the Agreement does state on page 4 that the agreement is between JP Morgan and ARE as Manager of its Limited Liability Companies, "…that will be formed from time to time..."  ARE LIX was one of the "companies" formed and managed by ARE.

servicer, LPS, and were never included in the collateral file. (Perrot, 6/22/11, P. 68, L. 24).

On October 25, 2006 Michele Perretta and Anna Perretta executed a Mortgage, granting a security interest in 380 Pippin Orchard Road, Cranston, Rhode Island to Zurich ("the Mortgage") which Mortgage was recorded with the Cranston Recorder of Deeds at Book (Exhibit "7").  The Mortgage was assigned by Zurich to ARE on November 28, 2006 and recorded in the Office of the City of Cranston Recorder of Deeds on September 14, 2007 at Book 8746, Page 77.(Exhibit "8").  The Mortgage was then assigned by ARE to GMAC on November 14, 2006 and recorded in the Office of the City of Cranston, Recorder of Deeds on September 14, 2007 at Book 3745, Page 78.  (Exhibit "9").  The Mortgage was finally assigned by GMAC to ARE LIX on May 4, 2010, notarized on May 5, 2010, and recorded in the Office of the City of Cranston on November 10, 2010 at Book 4289, Page 19. (Exhibit "10").

The Movant maintains that the testimony of Ms. Perrot establishes that the original note and the above-referenced allonges were part of the collateral file and were affixed to the original note.  In addition, the recorded mortgage and assignments which are referenced as exhibits to the joint pretrial memorandum speak for themselves.  Any additional allonges were not part of the collateral file and have no affect. Any additional assignments were never recorded and have no affect.

II.     Law

A.      ARE LIX Need Only Show That It Has Colorable Title To Have Standing To File a Motion For Relief From Stay

The proper standard when determining whether a mortgagee has the authority to file a motion for relief from stay is whether "'a creditor has a colorable claim to property

of the estate.'"  In re Marron, 2011 Bankr. LEXIS 2487 * 5, citing Grella v. Salem Five

Cent Sav. Bank, 42 F.3d 26, 32 (1st Cir. 1994).  The Court went on to say in Marron, that

if the bank "can demonstrate that it is the holder of the mortgage on the debtors' property

with the statutory power of sale provided by Mass.Gen. Laws ch. 183 § 21, and that it has

the right to exercise that power in accordance with Mass. Gen. Laws ch. 244, § 14, then it

is has a colorable claim to estate property and has standing to seek relief from stay." Id.

It is important to note that the Court in Marron did not state that the mortgagee

was required to show that it was the holder of the note.  The Court did discuss the transfer

of the note and mortgage later in the case because the debtor was challenging the right of

Mortgage Electronic Registration Systems, Inc.'s ("MERS") ability to assign when it was

never the holder of the note.  MERS was not an assignee in the present case.

Notwithstanding the MERS argument made by the debtor, the Court in Marron concluded

that the mortgagee had standing to file its motion for relief from stay.

B       ARE LIX Is The Holder Of The Note Pursuant To Applicable State Law And
        Even If It Is Not Deemed a Holder It Is A Transferee In Possession And Can
        Enforce The Note

ARE LIX is the proper holder of the Note pursuant to RIGL § 6A-3-204(a) which

states, inter alia, that an indorsement to a note means, "a signature, other than that of a

signer as maker, drawer, or acceptor, that alone or accompanied by other words is made

on an instrument for the purpose of (i) negotiating the instrument…"  The exhibits

presented during the evidentiary hearing and the testimony by Ms. Perrot establish that

the original note and properly endorsed allonges were executed from the original lender

to each successive endorsee ending with an allonge to ARE LIX.

ARE LIX maintains that it has proven that the allonges were affixed to the Note. There was evidence presented that the Note and the first allonge had staples holes and that all allonges were kept together with a paper clip. Even assuming arguendo, that the allonges are not deemed affixed the Uniform Commercial Code provides that the person in possession is a transferee and has the right to enforce the note.  The Code states in relevant part that a transfer, "whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument."  RIGL § 6A-3-203(b); See also Thomas v. Citimortgage, Inc. (In re Thomas), 447 B.R. 402, 411 (2011).

C.      The Movant  Is The Holder Of the Mortgage By Assignment Pursuant To State Law

In addition, the Movant has complied with applicable state law regarding the assignments of the Mortgage.  RIGL § 34-11-24 states:

> An assignment of mortgage substantially following the form entitled
> "Assignment of Mortgage" shall, when duly executed, have the force
> and effect of granting, bargaining, transferring and making over to the
> assignee, his or her heirs, executors, administrators, and assigns, the
> mortgage deed with the note and debt thereby secured, and all the right,
> title and interest of the mortgagee by virtue thereof in and to the estate
> described therein, to have and hold the mortgage deed with the
> privileges and appurtenances thereof to the assignee, his or her heirs,
> executors, administrators and assigns in as ample manner as the assignor
> then holds the same, thereby substituting and appointing the assignee and
> his or her heirs, executors, administrators and assigns as the attorney or
> attorneys irrevocable of the mortgagor under and with all the powers in the
> mortgage deed granted and contained.

The parties agreed in their Joint Pretrial Memorandum that the following assignments were recorded with the Land Evidence Records for the City of Cranston:

1.  Assignment from Zurich Mortgage Solutions, LLC to American Residential Equities recorded on September 14, 2007 recorded at Book 3746, Page 77. (Exhibit 8 to Pretrial Memo).

2.  Assignment from American Residential Equities to GMAC Mortgage, LLC recorded on September 14, 2007 at Book 3745, Page 70. (Exhibit 9 to Pretrial Memo).

3.  Assignment from GMAC Mortgage, LLC to American Residential Equities LIX, LLC recorded on November 10, 2010 at Book 4289, Page 19.

Despite various attempts by Debtor's counsel to cast doubt on the validity of the above-referenced assignments they are all validly executed and properly notarized as well as recorded with the proper recorder of deeds.  In fact, there is testimony from Mr. Perrot that she is familiar with the process of executing assignments and had personal knowledge of how the assignment from ARE to GMAC was executed.

D.   ARE LIX Does Not Need To Show That It Is The Holder Because The Debtor Has No Standing To Question The Transfer Of Loan

The Debtors are attempting to challenge the validity of the assignments of mortgage.  The United States District Court for the District of Rhode Island has recently addressed the right of a borrower to challenge the validity of assignments in Fryzel v. MERS, C.A. No. 10-352M (D.R.I. June 10, 2011) and Cosajay v. MERS, C.A. No.10-442M (D.R.I. June 23, 2011).  The Court in Fryzel and Cosajay held that the plaintiffs lacked standing to challenge the assignment and assignment agreements.  See Fryzel at 29; Cosajay at 25.

It is undisputed that the Debtors are not parties to the assignment, and any other agreements authorizing the execution of the assignment and foreclosure deed.  The Court in Fryzel held that since the plaintiffs were not parties to the assignments or assignment agreements, they "do not have standing to assert legal rights based on these documents[]"

because "only parties to a contract may seek to have rights declared under a contract."

Fryzel at 29, 27 (citing Brough v Foley, 525 A.2d 919, 921 (R.I. 1987)).  The Court cites

a number of Rhode Island cases supporting this position in both Fryzel and Cosajay.

Fryzel at 27-29; Cosajay at 22-24.  The Court also cites Livonia Props. Holdings, L.L.C.

v. 12840-12976 Farmington Rd. Holdings to support the well-established proposition that

"a party to a contract does not have standing to challenge the contract's subsequent

assignment[.]"  Fryzel at 30; Cosajay at 25–26.

The Debtors are attempting to assert rights pursuant to the assignment and

accompanying agreements to which they were neither parties nor third-party

beneficiaries.  The Court in Cosajay held that the plaintiff "was not a party to, nor a third-

party beneficiary of, these assignments or the PSA, and, therefore, she has no standing to

challenge compliance with these instruments."  Cosajay at 29.  The position of the

plaintiffs in Fryzel and Cosajay is the same as the Debtors in this case as they are seeking

"to invoke rights under agreements to which [they are] not a party."  Cosajay at 30.  The

Debtors have not demonstrated standing to challenge the assignments because they are

not asserting their own legal rights in disputing Chase's power to foreclose.  See Fryzel at

35.

Similar to the plaintiffs in Fryzel and Cosajay, the Debtors in this case have not

alleged that they are not in default, but rather rely on claims that the assignments are

invalid and therefore the Movant can't obtain relief.  The Debtors have suffered no injury

as a result of Movant's alleged invalid assignments because the Debtors defaulted on the

note and mortgage by failing to make payments.  See Cosajay at 31.  In granting

Defendants' motion to dismiss in <u>Cosajay</u>, the Court stated that the plaintiff "having

defaulted, is in no position to invoke affirmative relief in equity." <u>Id.</u> at 35.

For the same reasons relied upon by the Court in <u>Fryzel</u> and <u>Cosajay</u>, the Debtors

should not be allowed to challenge the validity of the Movant's assignments and the

Movant should be allowed to move forward with its requested relief.

III.    <u>Conclusion</u>

The Movant contends that it has shown through documented evidence and

testimony that it has the authority to obtain relief from stay.  The proper standard to be

applied is whether the Movant has established "colorable title".  The Movant believes

that it has done so by entering into evidence the Mortgage and properly executed and

recorded assignments.  Even if this Court believes that the Movant must also show that it

is the holder of the note the Movant has also shown that it is the proper holder.  Even if it

is not the proper holder it is a transferee within the meaning of the Uniform Commercial.

Finally, the Movant has cited recent case law that establishes that the Debtors does not

have the right to question the validity of such assignments.

> Respectfully submitted,
> American Residential
> Equities, LIX LLC,
> By its Attorneys,
>
> /s/ John T. Precobb___
> John T. Precobb, Esq.
> RI# 5698
> Orlans Moran PLLC
> P.O. Box 962169
> Boston, MA 02196
> Phone: (617) 502-4100
> Fax: (617) 502-4101
> Email:
> bankruptcy@orlansmoran.com
> File Number: 239.0504