UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: ANNA M. PERRETTA BK No. 10-13531
MICHELE PERRETTA

**DEBTORS' OBJECTION TO MOTION TO REOPEN**

Bankruptcy Rule 5010 provides, in pertinent part, that "[a] case may be reopened on motion of ... [a] party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. Section § 350(b) provides as follows:

> **"(a)** After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
> **(b)** A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 USC §350.

However, only a case which has been closed *after full administration* may be reopened under §350(b). *In re Rosado*, BAP PR 11-081, 2012 WL 2564375 (B.A.P. 1st Cir. June 29, 2012); *In re Pingaro*, BAP MB 08-025, 2008 WL 8664764 (B.A.P. 1st Cir. Aug. 14, 2008).

A case which is dismissed is not one that has been fully administered.

> "Although a dismissed case may be reported to the judiciary's Administrative Office as "closed" for statistical purposes, virtually all courts recognize that a bankruptcy case that has been dismissed (say, on a trustee's motion on account of nonpayment) is not closed within the meaning of § 350(b), and, therefore, may not be reopened (citing cases). The Debtor's case was dismissed under § 1307(c) on the Chapter 13 trustee's motion. It cannot be reopened under § 350(b). *In re Pingaro*, BAP MB 08-025, 2008 WL 8664764 (B.A.P. 1st Cir. Aug. 14, 2008)

The moving party has the burden of demonstrating "cause" for reopening a case. *See In re Otto*, 311 B.R. 43, 47 (Bankr.E.D.Pa.2004); *In re Carter*, 38 B.R. 636, 638 (Bankr.D.Conn.1984).

The movant has not made any showing of cause to reopen. This case was dismissed by Bankruptcy Court on April 5, 2012 pursuant to Local Bankruptcy Rule 3015-3(e), which provides for automatic dismissal of a Chapter 13 case if an amended plan is not filed within 14 days after denial of confirmation. It was not fully administered, and therefore it may not be reopened under §350(b).

The movant did not appeal the judgment. The time to do so expired 14 days after the entry of the order, i.e. April 19, 2012, more than four months ago. The movant did not file a motion under Fed. R. Bankr. P. 9023 to grant a new trial or to alter or amend the judgment. These motions must be filed within

14 days after entry of judgment. That date similarly passed on April 19, 2012. The movant did not file a motion under Fed. R. Bankr. P. 9024 for relief of a judgment or order. Such a motion (following Fed.R.Civ.P. 60(c)) must be filed "within a reasonable time", and no more than one year if for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" Fed.R.Civ.P. 60(b).

The movant has not demonstrated that four months after the entry of an order is reasonable under the circumstances, and has not asserted any other basis for relief under the provisions under Rule 60(b).

Moreover, the bankruptcy court's Decision specifically preserved all the Debtors' rights to pursue state Court remedies available to them:

> "Notwithstanding the entry of this order granting relief from stay, the debtors may, of course, pursue any state court remedies available to them, on the merits of their opposition to foreclosure." Decision, page 7.

It is inconceivable that the Court intended to grant *in rem* relief where it specifically protected the Debtors' rights to pursue "any state court remedies available to them, on the merits of their opposition to foreclosure." Therefore, reopening the case would be futile: the authority to request the relief has no basis in the case law, and the requested relief is simply inconsistent with the Court's Decision. Reopening a case is not appropriate if doing so would be futile. *In re Phillips*, 288 B.R. 585, 587 (Bankr.M.D.Ga.2002); *accord Chanute Prod. Credit Assoc. v. Schicke (In re Schicke),* 290 B.R. 792, 798 (10th Cir. BAP 2003); In re Patterson, 297 B.R. 110, 114 (Bankr. E.D. Tenn. 2003).

For the reasons set forth above, the Debtors object to the motion to reopen.

Debtors
By Their Attorneys,

/s/RUSSELL D. RASKIN
BC #1880
RASKIN & BERMAN
116 East Manning Street
Providence, RI 02906
(401) 421-1363

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2012, I electronically filed the Debtors' Objection to Motion to Reopen with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

- John Boyajian john@bhrlaw.com, martha@bhrlaw.com
- Gary L. Donahue ustpregion01.pr.ecf@usdoj.gov
- John T. Precobb jprecobb@orlansmoran.com;anhsom@gmail.com;anhsom@earthlink.net

and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document electronically filed with the court to the following non CM/ECF participants:

Mr. & Mrs. Michele Perretta
380 Pippin Orchard Road
Cranston, RI 02921

Acqura Loan Services
PO Box 117622
Carrollton, TX 75007

John B. Ennis, Esquire
1200 Reservoir Avenue
Cranston, RI 02920

Matrix Servicing LLC
1925 W. Pinnacle Peak Rd
Phoenix, AZ 85027

Residential Credit Solutions
4282 N. Freeway
Fort Worth, TX 76137

/s/LAURA COLANNINO